**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

---

No. 02-2707

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS GINES-PEREZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

---

Before

Howard, Circuit Judge,

Coffin and Campbell, Senior Circuit Judges.

---

Steven M. Potolsky, P.A. for appellant.
Germán A. Rieckehoff, Assistant United States Attorney, with whom H.S. Garcia, United States Attorney, and Sonia I. Torres-Pabón, Assistant United States Attorney, were on brief for appellee.

---

March 18, 2004

---

**Per curiam**.  On July 6, 1998, defendant-appellant Luis Gines-Perez was arrested after the car he was driving was stopped and found to be carrying 1.4 kilograms of heroin.  Gines-Perez eventually pleaded guilty to three counts of an indictment charging him with narcotics distribution-related offenses, but reserved the right to appeal the denial of his suppression motion.  The motion challenged the legality of the initial stop and warrants that subsequently issued for searches of Gines-Perez's business and home.

There is no dispute that Gines-Perez's car was originally stopped because, and only because, it was reported stolen; that the report was based on incorrect information in a computer database used by the Puerto Rico police; that police error caused the database to be incorrect; and that the incorrect database information was itself misinterpreted (in a manner unfavorable to Gines-Perez) by the police dispatcher who informed the arresting officers that the vehicle was stolen.  These police errors were the basis of Gines-Perez's suppression motion, which argued that there were no grounds for stopping his car or for the subsequent search warrants that issued because of the material found in his car.  The district court rejected this argument, holding (inter alia) that the good faith exception identified in <u>Arizona</u> v. <u>Evans</u>, 514 U.S. 1, 10-16 (1995), applied to the conduct of the arresting officers.

The primary basis for the district court's decision,

-2-

however, was its conclusion that, viewing "the totality of the circumstances," there were sufficient grounds to sustain the search under the "reasonable suspicion" doctrine of Terry v. Ohio, 392 U.S. 1 (1968). In support of this conclusion, the court relied primarily on the following facts: one of the officers involved in the arrest knew that Gines-Perez previously had been arrested and that he had been the subject of surveillance for money laundering and drug trafficking; Gines-Perez was observed entering the same restaurant where another person under surveillance was dining just prior to his arrest; after exiting the restaurant with a companion and sliding behind the wheel of his vehicle, Gines-Perez lifted his shirt to show his companion something in a manner that aroused suspicions; and Gines-Perez drove around the block twice after exiting the restaurant. But significantly, the court's Terry analysis was not entirely independent of its Evans analysis; the court also included in its view of the totality of the circumstances the fact that "the car driven by Gines-Perez was reported as "stolen."

We are troubled by the district court's reading of Evans as extending the good faith exception to reliance by an arresting officer on faulty computer database information due to police error. This reading was dispositive of Gines-Perez's arguments based on police error and, as noted above, implicated in the court's totality of the circumstances decision. We can understand

-3-

how the district court arrived at its position.  It acknowledged its reliance on the language in <u>Evans</u> framing the issue identified in the grant of certiorari, i.e., whether evidence seized because of an inaccurate computer record should be suppressed "regardless of whether police personnel or court personnel were responsible . . . ."  <u>Evans</u>, 514 U.S. at 6.

In this instance, however, such reliance on <u>Evans</u> takes that case beyond its underlying facts and holdings, for the Court explicitly declined to reach the issue.  <u>See</u> <u>id.</u> at 16 n.5 (stating that the Court would not address whether the good faith exception would apply to police error); <u>id.</u> at 16-17 (O'Connor, J., concurring) (arguing against application of the exception to police error).  The government makes no effort to defend the district court's reading of <u>Evans</u> on appeal.  Nor does the government argue that the <u>Evans</u> good faith exception should apply under the circumstances of this case.

Inexplicably, Gines-Perez's opening brief makes no mention of the additional grounds cited in support of the court's <u>Terry</u> ruling.  Indeed, the brief reads as though the <u>entire</u> basis for the court's rejection of his suppression motion was the court's conclusion that the <u>Evans</u> good faith exception applied to the arresting officers' conduct.  In ignoring what might be read as alternative independent grounds for upholding the stop, Gines-Perez comes dangerously close to a forfeiture.  <u>See</u> <u>United States Public</u>

-4-

Interest Research Group v. Atlantic Salmon of Maine, LLC, 339 F.3d 23, 33 (1st Cir. 2003) (argument not presented in opening brief is forfeited).

Yet under the circumstances, we believe that the fairer course of action is to vacate and remand for clarification and for further proceedings consistent with this opinion. Two factors lead us to adopt this approach. First, as already noted, the district court misread Evans as flatly governing this case (which it does not), and the stolen vehicle report appears to be part of the court's Terry calculus. Second, it can be argued (although we do not now decide) that there is difficulty seeing how, other than the stolen vehicle report, the officers involved in the investigation that led to Gines-Perez's apprehension could be found to have had a "particularized and objective basis for suspecting [Gines] of criminal activity" at the time of his initial detention. Ornelas v. United States, 517 U.S. 690, 696 (1996) (describing the "reasonable suspicion" required to justify a Terry stop) (citation and internal quotation marks omitted). Along these lines, we note that the government does not identify the crime a reasonable officer armed with knowledge of all the facts other than the stolen vehicle report might have suspected Gines-Perez of committing, having committed, or being about to commit. But at the same time, we do not wish to decide the matter without giving the district court an opportunity to revisit the case in light of our opinion.

On remand, the district court may order additional briefing and/or argument to help facilitate its reaching whatever decision it deems appropriate. We also call the parties' attention to the Supreme Court's recent decision in <u>Groh</u> v. <u>Ramirez</u>, 124 S. Ct. 1284 (2004), which might have some bearing on Gines-Perez's challenge to the search warrants. We shall retain jurisdiction over this appeal with the understanding that it will be dismissed should the court vacate or modify the judgment of conviction from which Gines-Perez appeals. The parties are directed to file a joint status report within 30 days of the court's disposition of this matter following our remand. At that point, we shall issue whatever additional orders we deem appropriate.

**<u>So ordered</u>**.